IN RE DISSOLUTION OF MARRIAGE OF SISINGER.

(No. 82AP-195—Decided September 16, 1982.)

*Mr. Philip R. Bradley* and *Mr. Philip Marnecheck,* for appellant Michael A. Sisinger.

*Mr. Craig E. Evans,* for appellee Rita L. Sisinger.

WHITESIDE, P.J. The parties hereto brought a proceedings for dissolution of their marriage in accordance with a separation agreement whereby they agreed that petitioner-wife, appellee herein, should have custody of the parties' minor child with liberal visitation privileges reserved to petitioner-husband, appellant herein.

Visitation and custody appears to have been a point of friction between the parties, resulting in a motion by petitioner-husband, appellant herein, for a change of custody of the parties' minor child. After extensive hearings and evidence, a referee of the Franklin County Court of Common Pleas, Division of Domestic Relations, filed a report recommending that there be no change of custody. Appellant filed objections to the referee's report raising, *inter alia,* issues as to the weight of the evidence, and the trial court on October 13, 1981, made a handwritten notation that the matter was to be held for receipt of transcript. Although this paper physically is included in the record on appeal, there is no indica-tion that it was entered in the trial court and does not appear upon the certified copy of the docket and journal entries but, rather, is merely inserted between documents 35 and 36 of the record on appeal. Nevertheless, the matter was scheduled for hearing in December 1981. On the day of hearing, the trial court rendered a decision overruling the objections to the referee's report for failure of appellant to provide a transcript of the hearing before the referee in accordance with "this court's entry of 10-13-81." On appeal, appellant has not contended that he was unaware of the need for the transcript of the evidence, nor has he raised an assignment of error as to the procedural deficiency with respect to the "order" requiring that a transcript be furnished. See Civ. R. 53(E)(1).

In accordance with that decision, the trial court entered an order adopting the referee's report and overruling appellant's motion for a change of custody. This is an appeal from that judgment, with appellant raising two assignments of error, as follows:

"1. It is error of law for a trial judge to accept, adopt, and journalize a report of a referee, with respect to a motion for change of custody, when that report makes no finding of fact to support the conclusions and recommended entry, and where the trial judge makes no independent findings of fact to support the journal entry.

"2. It is error of law for a trial judge to enter a judgment which is not supported by some competent, credible evidence going to all the essential elements of the case."

As phrased, both assignments of error state correct propositions of law and would have to be sustained if supported by the record.

With respect to the first assignment of error, a trial judge cannot properly journalize a report of a referee, which report makes no finding of fact to support the conclusions and recommendations,

unless the trial court makes independent findings of fact either from the transcript of evidence or from an independent evidentiary hearing, to support the order. See Civ. R. 53.

However, this is not what occurred in this case. While the referee's report does not contain a detailed review of the evidence, it does refer to the various witnesses whose testimony was received. The referee then indicates that he "carefully reviewed the testimony of the aforementioned witnesses and exhibits * * * and concludes, based on the facts which have arisen since the dissolution, that there has been no sufficient change in the circumstances of the child or her custodian, and that no modification is necessary to serve the best interests of the child." The referee made a further finding that: "* * * the child's present environment is satisfactory and that there are no present factors which significantly endanger the child's physical health or his [sic] mental, moral or emotional development, and that there is no need for a change in environment." These constitute factual findings and recommendations as to conclusions of fact to be made from the evidence. While, if acting as a trial court, we might well require much more detailed findings of fact to be made by a referee, nevertheless, the findings herein, although minimal, are sufficient to meet the requirements of Civ. R. 53 as constituting a referee's report and recommendation. When such a scant report is received, however, no determination as to the correctness of the factual conclusions can be made by the trial court in the absence of a transcript of proceedings and of the evidence received by the referee. Here, the trial court indicated that it required appellant to furnish such a transcript to support his objections to the referee's report, and he failed to do so. Having failed to support his objections to the referee's report by providing the transcript of proceedings, the trial court overruled the objections. We find no

abuse of discretion on the part of the trial court in so doing under the circumstances of this case.

The trial court, of course, may substitute its judgment as to the findings of fact for that of the referee either predicated upon the transcript of proceedings or upon new evidence received by the court itself. Thus, it is important that the court be provided a transcript of the evidence where the objections to the referee's report go to factual issues requiring a *de novo* review of the evidence by the trial court.

While the referee's report was only minimally adequate in this case, it was sufficient to permit the trial court to review the factual determinations and determine whether the proper law was applied under the circumstances. A transcript of the evidence would be necessary in order for the trial court to determine whether or not it agreed with the factual conclusions recommended by the referee, but the trial court found that appellant failed to provide such a transcript even though requested to do so by the trial court. Accordingly, the first assignment of error is not well taken.

With respect to the second assignment of error, the issue may be properly considered by this court even though no transcript was presented to the trial court despite contentions by appellee that this court should not consider the merits of the appeal because appellant did not provide a transcript of evidence in the trial court. There is no requirement in Civ. R. 53, or otherwise in law, that a party file objections in the trial court as a prerequisite to appeal from a judgment adopting a referee's report. Appellee contends, and cites several cases in support of her position, that there is in effect a waiver of any right to object unless objections are filed in the trial court to the referee's report. We reject this contention. A judgment upon the referee's report is fully reviewable upon appeal regardless of whether or not objections were made or

supported in the trial court to the referee's report.

The issue raised by the second assignment of error is whether or not the judgment is supported by competent, credible evidence going to all the essential elements of the case. A review of the evidence indicates that the judgment is so supported. Appellant did present considerable evidence that, if believed, would require a different conclusion than that recommended by the referee and adopted by the trial court. Appellant presented his own testimony, that of his wife, that of a friend of his wife who also is a psychologist and that of a psychiatrist to support his position. However, there was ample basis for the trier of the fact not to accept this evidence. The testimony of the psychiatrist was in large measure predicated upon information furnished by appellant. Although his conclusions and interview with the parties' minor child differed from that of other impartial experts, the trier of the fact had full opportunity to observe this witness and to determine his demeanor, capacity and veracity. There is ample basis in the record for a determination by the referee that appellant and his wife exaggerated their testimony as to circumstances involved. In addition, there is evidence of influence upon the minor child as to her testimony. As to appellant's wife's friend who also is a psychologist, her testimony conflicts with that of other witnesses who indicated that the minor child was troubled and bothered by the interrogation by this psychologist. The child was only seven or eight years old and apparently quite impressionable. There was ample basis upon which the trier of the fact could have found this psychologist not to be credible in her testimony.

Appellee furnished conflicting evidence on many of the issues, although she admitted to an incident witnessed by the child, wherein appellee's present husband physically hit appellee. The testimony of a psychologist presented by appellee fully supports the trial court's findings. He testified that it would be harmful for the child to be moved from her present environment and from the custody of her mother.

The trial court appointed a guardian ad litem for the minor child, who also testified as to interviews with the minor child. The guardian ad litem's testimony also supports the conclusions of the referee and indicates that the child was bothered and troubled by the activity of appellant's wife's psychologist friend, as did the psychologist who testified on behalf of appellee. The guardian ad litem is the only fully impartial witness who testified, and her testimony supports the conclusion of the referee. While the guardian ad litem was not an expert witness, there was ample basis in the record for the trier of the facts to reject the testimony of appellant's expert witnesses and to accept instead that of appellee's expert. In short, it is apparent that the trier of the fact, the referee in this instance, did not believe appellant's witnesses. A thorough review of the record reveals ample basis for this determination by the referee. The second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

NORRIS and COLE, JJ., concur.

COLE, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.