ZACEK, APPELLANT, *v.*
ZACEK, APPELLEE.

(No. 83AP-91—Decided August 2, 1983.)

*Mr. Ronald L. Solove* and *Ms. Deborah Hoffman,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Darrell R. Shepard,* for appellee.

NORRIS, J. Plaintiff-appellant, Patricia A. Zacek, appeals from an order of the trial court overruling her objection to the report of the court's referee which recommended modification of a pre-existing child support order, and adopting the recommendation of that report.

The parties' divorce decree awarded custody of one of their children to plaintiff, the other to defendant-appellee, Norman J. Zacek, and ordered defendant to pay child support of $100 per month to plaintiff "to assist with babysitting costs." Defendant subsequently sought an order modifying the decree by awarding to him custody of both children and ordering plaintiff to pay child support. Plaintiff apparently did not contest the custody change.

The referee's report noted that plaintiff "indicated that she should make contributions to the children as and for child support and tried to give $150 a month but found it was not financially possible. She said she would be able to give $100 per month as and for child support." The referee recommended that she pay $200 per month.

In the course of its decision overruling plaintiff's objection to the report, the trial court concluded that:

"While plaintiff states that she can afford no more than one hundred ($100.00) per month contribution, there is insufficient data to support such position, while on the other hand defendant's resources and needs were adequately supported."

Plaintiff raises two assignments of error:

"I. The court below erred in failing to sustain appellant's objections to the referee's report because the referee failed to determine the monetary amount necessary for the support of the children in a standard of living commensurate with the income of the parents, prior to ordering child support to be paid by the appellant.

"II. The court below erred in failing to sustain appellant's objections to the referee's report because the referee failed to make an equitable division of support between the parents which considered the financial resources of the appellant, as well as those of the appellee, and his determination was contrary to the weight of the evidence."

Because they are interrelated, the assignments of error will be considered together. Essentially, plaintiff's complaint is that the trial court failed to follow the dictates of R.C. 3109.05 in modifying the previous support order to require plaintiff to pay to defendant child support of $200 per month. As pertinent to this appeal, R.C. 3109.05 reads as follows:

"(A) In a * * * child support proceeding, the court may order either or both parents to support or help support their children * * *. In determining the amount reasonable or necessary for child support, * * * the court shall consider all relevant factors including:

"(1) The financial resources of the child;

"(2) The financial resources and needs of the custodial parent and of the noncustodial parent, when there is only one custodian;

"(3) The standard of living the child would have enjoyed had the marriage continued;

"(4) The physical and emotional condition of the child, and his educational needs;

"(5) The financial resources and needs of both parents, when there are joint custodians;

"(6) The educational needs of the child and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen."

In applying this statute to proceedings to modify prior child support orders, we held, in *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421, that once it is determined by the trial court that a change in circumstances has occurred (a determination not at issue in this appeal), the trial court should next consider the amount which is reasonable and necessary to support the child. This requires first that the needs of the child be determined, guided by a consideration of the relevant factors listed in the statute. This determination of the amount found to be "necessary" must then be tempered by ascertaining the amount of child support which is "reasonable," in view of the overall financial picture of the parents and of the child. Then, when the trial court has ascertained the amount reasonable for child support, it must apportion that amount between the parents in an equitable manner, in order to arrive at the amount of the child support order.

Plaintiff's first assignment of error appears to be directed at the alleged failure of the referee and the trial court to properly determine the amount necessary for child support. To the extent it impliedly assigns error for failure of the trial court to properly consider the relevant factor listed in R.C. 3109.05(A)(3), the assignment of error is overruled. Although consideration of all relevant factors is mandated by the statute, none of the factors listed is ranked as being more decisive or conclusive than the others. Their relative importance and persuasiveness to the trier of the facts will, of course, depend upon the circumstances of each case. Under the circumstances of this case, there was no particular reason why the referee or trial

court should have been required to attach any preeminence to a consideration of the standard of living the children would have enjoyed had the marriage continued, to the exclusion of the other factors. In addition, there was no evidence introduced which was directly relevant to that factor. Factors as to which neither party adduces evidence may be deemed by the trial court to be of no significance. *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86. While it is the responsibility of the parties to address with evidence the relevant factors they wish to be considered by the trial court, a court would abuse its discretion by modifying an existing child support order where the factors were not adequately addressed by evidence since there would not be enough evidence upon which the court could rely to make the determinations called for by *Bright* v. *Collins, supra.*

The support issue was heard by a referee who prepared a report for the trial court. An objection to the child support recommendation of the report was filed by plaintiff on the basis that R.C. 3109.05(A)(2) required the court to consider her financial resources, and she had testified that she could afford to pay no more than $100 per month. It appears that she did not attempt to have a transcript of testimony filed with the court. See Civ. R. 53(E)(1). To the extent that plaintiff's objection raised issues as to the weight of the evidence, the trial court did not err in overruling the objection since a transcript would have been necessary in order for the trial court to determine whether or not it agreed with the referee's factual conclusions. See *In re Sisinger* (1982), 5 Ohio App. 3d 28; Domestic Relations Division Local Rule 9. Weight of the evidence questions can,

nevertheless, be raised on appeal, even though not properly raised to the trial court in the course of objecting to a referee's report. *In re Sisinger, supra,* at 30-31. To the extent that the assignments of error raise the issue of weight of the evidence, they are overruled since our review of the evidence (including the transcript of testimony) convinces us that the trial court's judgment was supported by competent, credible evidence. See *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

The question remaining, then, is whether the trial court properly applied the law under the posture of the case as it was before the court upon plaintiff's objection. When it considered the objection, the trial court had available to it the referee's report, exhibits introduced at the hearing, and the contents of its file. No request was made by plaintiff to the referee for separate findings of fact and conclusions of law.[1]

In resolving the question raised by the appeal, we must first review the adequacy of the referee's report. We have previously held that Civ. R. 53(E) contemplates a report from the referee which includes a statement of the basis of his findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. Accordingly, the report must include sufficient information to enable the trial judge to render his own decision. *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132 [74 O.O.2d 140]. Obviously, if the report does not include a statement of the facts forming the basis for the referee's recommendation, the trial court cannot adopt the recommendation as an order of the court since the report lacks the necessary informa-

---

[1] Civ. R. 52 contemplates that the actual rendering of separate findings of fact and conclusions of law is a function for the trial judge, not a referee. However, the order of reference to the referee (Civ. R. 53[C]) may include instructions to provide the trial judge with recommended separate findings of fact and conclusions of law. It may even be argued that Local Rule 9 confers upon referees in the division of domestic relations continuing authority to render separate findings of fact and conclusions of law, when requested by an objecting party.

tion upon which an independent analysis of questions of law raised by the controversy can be based. *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227 [14 O.O.3d 215]. This is not to say that the referee's report is an equivalent of, and must comply with the detail and formal requisites of, separate findings of fact and conclusions of law.

Because only the trial court can render a judgment when the court makes a referral to a referee, what is required is that the referee report sufficient facts to the trial court to enable it to arrive at the legal conclusions which are a necessary prerequisite to a judgment. And, when a party objects to the referee's report, it is essential that the report include sufficient information to permit the trial court to resolve the legal issues raised by the objection. If the report is insufficient in this regard, or the objection challenges the weight of the evidence, the court will, of necessity, need to supplement the report by referring to a transcript of testimony, hearing additional evidence, returning the report to the referee with instructions, or hearing the matter itself. See Civ. R. 53(E)(1) and (2).

We conclude that the report did contain sufficient information to enable the trial court to decide the legal issue raised by the objection and this appeal, and to make the independent analysis necessary to adopt the referee's recommendation.

The referee presented this evidence to the trial court on the needs of the children:

"* * * Occasionally his [defendant's] work requires overnight travel and he has a babysitter which charges $35 from after school and all night. Defendant's exhibit #1 consisted of a typical monthly expense and income statement which reflected his monthly expenses at $1,743.30 and his income at $1,112.66. He claims that $945.00 is attributable to the children's living expenses, i.e. one-half of the rent, utilities, insurance, food, clothing, home main-

tenance, school tuition and uninsured medical expenses and with babysitters, etc."

The exhibit itemizes defendant's total monthly expenses at $1,743.30 and, in a separate column, itemizes the portion attributable to the children ($945). For some of the expenses, such as "rent-mortgage payment," utilities and food, this separate column of the exhibit attributes one-half to the children. Other expenses, such as babysitting and children's entertainment, are attributed solely to the children. The trial court was furnished adequate information upon which to determine the amount necessary for the children's support.

Also furnished in the report is this additional recitation of the parties' financial situation:

"Defendant's exhibit #2 consists of his 1981 federal income tax return showing an adjusted gross income of $22,493.00 with a taxable income of $10,503.00. This return also reflected that defendant received a refund of $2,130.00.

"Defendant's exhibit #6 revealed that the plaintiff, Patricia A. Zacek, a registered nurse, earned an annual gross salary of $15,947.00. Her estimated 1982 income is $16,484.00 ($634.40 x 26)."

There is no exhibit in the file concerning plaintiff's expenses. When the recitations concerning defendant's expenses and the incomes of the parties are considered, the trial court was provided enough information upon which it could independently determine the amount reasonable for child support.

By the same token, this same information serves as a basis for equitably apportioning between the parties the amount reasonable for child support. Although plaintiff did not request separate findings of fact and conclusions of law to test either the referee's recommendations or the trial court's order,[2] nevertheless, simple calculations indicate

---

[2] Although Civ. R. 52 would appear to exclude proceedings on motions to modify child support orders from those instances where separate findings of fact and conclusions of law

that a $200 per month child support order is not unreasonable in view of the relative earnings of the parties and the evidence of the needs of the children.

The referee's report does recite information pertaining to some of the relevant factors listed in the statute — enough of the factors to ground the determinations required by *Bright* v. *Collins, supra.* In the absence of findings of fact and conclusions of law, there is no demonstration that the trial court failed to consider factors relevant to determining the amount reasonable and necessary for child support, or that it incorrectly determined those amounts, or that it failed to equitably apportion the burden of supporting the children — indeed, on the

state of the record, we are required to assume the regularity of the trial court's methodology. See *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72, at 74 [58 O.O.2d 117]; *In re Sublett* (1959), 169 Ohio St. 19, at 20 [7 O.O.2d 487].

The assignments of error are overruled, and the order of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

---

must be provided when requested of the trial court, that may not be the case in view of the Supreme Court having applied Civ. R. 52 to change of custody proceedings in *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122 [24 O.O.3d 196]. The test, said the Supreme Court, at page

124, is whether the proceeding "contemplates an order which is necessarily based upon the determination of factual issues" and the "questions of fact are tried by the court without intervention of a jury."