THOMPSON, APPELLEE, *v.* THOMPSON, APPELLANT.

(No. CA-2349—Decided April 17, 1986.)

*Ryan, Cole & Brown* and *Charles M. Brown,* for appellee.

*Mayer & Mayer* and *Philip Alan B. Mayer,* for appellant.

TURPIN, J. The parties were married in April 1961. On June 20, 1980, the parties were granted a decree of dissolution of marriage. A separation agreement had been entered into and was adopted by the court. In the separation agreement, appellee, Leona L. Thompson, assumed debts to which she agreed to hold the appellant, Roger L. Thompson, harmless. Appellant assumed certain debts to which he agreed to hold appellee harmless.

Appellee filed a motion on September 27, 1984, requesting an increase in child support and that appellant show cause why he should not be held in contempt of court for failure to pay a debt owed to one Joseph Robertson. Said debt was in the original amount of $8,000, and was one of the debts that appellant had agreed to pay and hold appellee harmless under the dissolution agreement. Hearings on the motion were held by a referee on October 17, 1984 and on June 5, 1985. Some two and one-half years after the dissolution, but prior to the filing of the motion, appellant filed for bankruptcy. The debt to Joseph Robertson was listed on the discharge petition in bankruptcy. After the evidence was heard before the referee on the issue of debt assumption and contempt, it culminated in a report and recommendation being filed on July 31, 1985. Objections were filed August 13, 1985.

The trial court sustained the referee's report and recommendation and adopted the same on September 19, 1985. Appeal was filed by appellant on October 18, 1985, claiming two assignments of error as follows:

### Assignment of Error No. I

"The referee failed to apply the applicable law and make sufficient finding of facts in the report and recommendation of the referee filed July 31, 1985 and the trial court's subsequent adoption of the report in toto was contrary to law and error."

### Assignment of Error No. II

"The referee's finding of facts in the report filed October 24, 1984 are [*sic*] irreconcilable with the recommendation filed July 31, 1985 and the trial court's subsequent adoption of both reports is against the manifest weight of the evidence."

We have considered each assignment of error and make the following disposition.

## I

The first assignment of error is overruled. The issue presented to the trial court was whether appellant should be held in contempt of the prior order of the court for failing to pay and hold appellee harmless from an obligation due one Joseph Robertson. Since appellant listed this debt on a general discharge in bankruptcy proceeding in 1982, the ultimate issue is whether the debt was properly discharged. If, at the time of dissolution of marriage, the trial court adopted the obligation to pay the debt and the hold harmless clause as a property settlement, then the discharge was proper. If, however, the debt was in the nature of alimony, the debt was not properly dischargeable, and appellant is still obligated to pay.

Whether the debt is in the nature of alimony or a property settlement is a federal question and is to be determined by the test set forth in *In re Calhoun* (C.A. 6, 1983), 715 F. 2d 1103. The referee in this case held two separate hearings receiving evidence on this particular issue, and after receiving testimonial evidence and other exhibits, granted time to both parties to submit briefs to support their respective positions, and in particular, to give their opinions concerning *In re Calhoun, supra.* The referee thereafter submitted his report to the trial court setting forth findings of fact and his recommendation that the debt was in the nature of alimony, and that the appellant pay the obligation and hold the appellee harmless.

Since appellant, in filing his objections to the referee's report, failed to file a transcript of the testimony with the reviewing court, the court did not err in overruling his objections, *i.e.*, a transcript is necessary in order for the trial court to review the referee's factual conclusions. *Zacek* v. *Zacek* (1983), 11 Ohio App. 3d 91, 93. Further, the *Zacek* court stated that what Civ. R. 53(E) contemplates is a report from the referee which includes a statement of the basis of his findings and recommendations in order for the trial court to make its own independent analysis of the report's validity. *Id.* at 93. In addition, appellant failed to make any request upon the referee or the trial court to submit written findings of fact and conclusions of law as provided by Civ. R. 52.

We conclude that there were sufficient facts in the referee's report for the court to analyze and review in coming to an independent judgment of the matter before it.

## II

The second assignment of error is overruled. We believe that there was credible evidence from which the trial court could have found that the debt and the hold harmless clause were in the nature of alimony and support for his former spouse and the children and that appellant did have the present and foreseeable ability to pay that obligation.

For the foregoing reasons, both assigned errors are overruled. The judgment of the Court of Common Pleas of Richland County, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and HOFFMAN, J., concur.