**Gosiewski v. Gosiewski**
*[Cite as 7 AOA 414]*

*Case No. 89AP-998*

*Franklin County, (10th)*
*Decided September 25, 1990*

*James J. Marlin, Jr., for Appellant,*

*Colleen Briscoe, Delligatti, Hollenbaugh, Briscoe & Milless, for Appellee.*

STRAUSBAUGH, J.

This is an appeal by plaintiff from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing both his and defendant's counterclaim for divorce. Defendant has also filed a cross-appeal from the trial court's decision. The trial court ordered that the prior orders for custody, support, and visitation which were journalized on November 25, 1988 were to remain in effect with the exception that the child support awarded would be increased to $1,112.33 per month to be paid, plus poundage to the Franklin County Child Support Enforcement Agency. The trial court also ordered that the temporary orders as to expense money of $1,700 and additional expense money of $1,500 were to be paid by plaintiff within sixty days of the trial court's order.

On March 3, 1988, plaintiff, Joseph M. Gosiewski, Jr., filed a complaint for divorce to which defendant, Marleen Gosiewski, filed an answer and counterclaim for divorce on March 11, 1988. On April 5, 1988, defendant was granted expense money of $1,000 and awarded temporary custody of the four minor children of the marriage. The trial court referred the issue of permanent custody to a referee who rendered her report on November 23, 1988, in which she recommended that custody of the children be placed with defendant and that plaintiff have liberal visitation rights. The referee recommended that, as the children had bank accounts designed to provide for college education, these accounts should be transferred to the custodial parent. The referee also found that plaintiff's

obligation for child support amounted to a total of $484.34 every two weeks minus any deduction that the court may grant due to extended visitation travel costs since defendant had moved out of state with the children. The referee also recommended that plaintiff be ordered to maintain medical and dental insurance on the children, that defendant be ordered to bear the costs of any uncovered ordinary medical or dental expenses, and that the parties would share equally any extraordinary uncovered medical or dental expenses of the children. Both partes filed objections to the referee's report which were subsequently overruled by the trial court on April 5, 1989.

On May 24, 1989, defendant filed a supplemental cross-complaint adding extreme cruelty to the grounds for which she sought divorce. Subsequently, plaintiff dismissed his complaint for divorce while defendant proceeded on her counterclaim. On August 18, 1989, the trial court dismissed defendant's counterclaim for divorce finding that plaintiff had not been guilty of gross neglect or extreme cruelty. The trial court ordered that the prior orders for custody, support, and visitation were to remain in effect with the exception that child support would be increased to $1,112.33 per month and that defendant be awarded temporary expense money of an additional $1,500.

On appeal, plaintiff has set forth nine assignments of error for this court's review:

"1. The trial court erred in awarding the tax deductions to the mother.

"2. The trial court erred in not expanding the visitation as recommended by the referee.

"3. The court erred in not ordering the custodial parent to provide sufficient clothing for visitation periods.

"4. The trial court erred in not reducing child support below the guideline level.

"5. The trial court erred in accepting a report of the referee containing inadequate facts.

"6. The use of the report is flawed by the time gaps between hearings and that the referee only had part of the case assigned to her.

"7. It is error to award expense money in a situation where a party has failed to prove their right to relief.

"8.The rigid adherence to the guidelines create an unconstitutional denial of due process.

"9. The trial court erred in granting custody to the mother."

Initially, it should be noted that plaintiff does not appeal the trial court's decision dismissing his complaint for divorce. In his first assignment of error, plaintiff argues that the tax deductions for the children were unfairly awarded to the custodial parent. Plaintiff argues that as defendant's taxable income is substantially lower than that of plaintiff, the children's personal exemptions were in essence wasted by the trial court in its award of those deductions to defendant.

In reviewing plaintiff's assignment of error, we recognize that the trial court's decision may only may be reversed by an appellate court when the trial court's judgment demonstrates that its attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217.

R.C. 3111.13(C) provides that a court may make any order "*** concerning the duty of support *** or any other matter in the best interest of the child. ***" In *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165, the Supreme Court of Ohio held that a domestic relations court could allocate the child dependency exemption embodied in Section 151, Title 26, U.S. Code, to a noncustodial parent.[1] The court held that while it could not force a custodial parent to execute the requisite declaration necessary for the noncustodial parent's tax return, it nevertheless upheld the trial court's order awarding the exemption to the noncustodial parent. The Supreme Court further noted that should a custodial parent disobey the court's order to execute the exemption declaration, then the noncustodial parent's options included seeking a contempt of court action.

Subsequently, in *Bobo v. Jewell* (1988), 38 Ohio St. 3d 330, the Supreme Court extended the *Hughes, supra,* decision so as to apply to a parentage case. As there would be no property rights to divide in a parentage case, the court interpreted R.C. 3111.13(C) to permit the allocation of the dependency exemption when if the best interest of the child. The court held that "*** if a trial court exercises the authority to allocate a child dependency deduction to the noncustodial parent, the record must show that the interest of the child has been furthered." *Id.* at 332.

In the present case, we conclude that the trial court abused its discretion in failing to award the child dependency exemption to plaintiff. Under the facts and circumstances of this case, the dependency exemption should be

awarded to plaintiff since by doing so, the tax burden imposed upon plaintiff will be lessened, and this will in turn ultimately benefit the parties' minor children. Should this court reach an opposite result, the exemption would be in effect wasted since the record clearly demonstrates that it is the plaintiff who will be able to use the exemption advantageously. Accordingly, plaintiff's first assignment of error is well-taken and is sustained and defendant is hereby ordered to execute the necessary waiver to allow plaintiff the benefit of the dependency exemption.

Plaintiff next argues in his second assignment of error that the trial court erred in not expanding the visitation rights as recommended by the referee. Plaintiff contends that as he is only allowed scattered visitation several months apart, he is precluded from being a part of his children's lives. It is clear from the record that both parents had considerable concern for their children. While the trial court set specific visitations which were fewer in number than requested by plaintiff, those visitations were allowed for a longer period of time due to the fact that defendant had moved out of state. We find no abuse of discretion by the trial court in specifically granting plaintiff visitations which are fewer in number but allow plaintiff more time to spend with his children. Accordingly, plaintiff's second assignment of error is not well-taken and is overruled.

Plaintiff argues in this third assignment of error that the trial court erred in failing to order defendant to provide sufficient clothing for visitation periods thereby increasing the non-custodial parent's financial burden which in essence requires that he provide clothing for the children during visitation periods. We do not believe that the trial court erred in failing to make a specific order regarding clothing during the periods of visitation with the noncustodial parent. It would be virtually impossible for the trial court to provide for every conceivable contingency which may arise during visitation. We do not believe that there is an abuse of discretion in the trial court's failure to order that reasonable clothing be sent with the children during the allowed visitation with plaintiff. Plaintiff's third assignment of error is not well-taken and is overruled.

Plaintiff argues in his fourth assignment of error that the trial court should have reduced child support below the child support guidelines level due to the transportation costs which will be incurred by plaintiff as a result of the required out of state visitation with his children. Plaintiff contends that in order to have meaningful visitation with his children, and as the guidelines are not rigid and expressly include consideration as to visitation costs, the trial court should have reduced child support to reflect these costs.

We do not believe that the trial court abused its discretion in reducing plaintiff's child support obligations further on the basis of his transportation costs. While the trial court could have fashioned a remedy by which defendant would have assisted in the visitation costs, we cannot say that the trial court abused its discretion in not so doing. The trial court's order limiting the number of visitations but extending the tame period allowed wall assist plaintiff in minimizing his travel costs for individual visitations while at the same time allowing plaintiff to maximize the length of time which he may spend with his children. On this basis, we do not find that the trial court abused its discretion, and therefore we overrule plaintiff's fourth assignment of error.

Plaintiff contends in his fifth assignment of error that the trial court should not have adopted the report of the referee since the report contained almost no facts regarding the issue of custody but rather reflected the referee's personal feelings as to the various issues presented. While plaintiff appears to argue that the referee's report should have included a recitation of all evidence presented before her, we do not agree. We believe that the referee's report adequately recited facts which she considered of value and important to her recommendation. See *Zacek v. Zacek* (1983), 11 Ohio App. 3d 91. In the present case, we find that the referee included sufficient facts which supported her conclusions, and we will not find that the trial court erred in accepting the report of the referee. Plaintiff's fifth assignment of error is therefore overruled.

In his sixth assignment of error, plaintiff argues that the trial court erred in relying upon the referee's report since a period of nine months had elapsed between the referee's recommendation and report and the trial court's final order. Plaintiff also contends that as the referee was only deciding child support, and did not take into consideration the financial resources of the parents, it was error to enforce the referee's report as to support prior to determination of the division of assets and debts.

While plaintiff insists that the period of nine months, which elapsed between the issuance of the referee's report and the trial on the matter, was prejudicial, plaintiff has failed to support his argument with any facts demonstrating such prejudice. Furthermore, with regard to the issue of consideration of the division of property, we find no prejudice to plaintiff since there was no division of property made by the trial court and since it appears from the record that the trial court did consider the financial evidence presented before it in making its determination. Accordingly, plaintiff's sixth assignment of error is not well-taken and is overruled.

Plaintiff argues in his seventh assignment of error that it was error for the trial court to award defendant with additional expense money since neither party was granted a divorce. We do not believe it is an abuse of discretion for a trial court to award expense money to a custodial parent when no divorce is granted. See *Blum v. Blum* (1967), 9 Ohio St. 2d 92. In the present case, as there was no division of property from which defendant would be able to pay the expenses incurred, we believe that the trial court could find that it would be in the best interest of the children to allow for an award of expense money. *Blakemore, supra.* Plaintiff's seventh assignment of error is not well-taken and is overruled.

In his eighth assignment of error, plaintiff essentially contends that there exists a presumption, due to the trial court's failure to issue separate findings of fact and conclusions of law, that the trial court rigidly adhered to the child support guidelines so as to constitute an unconstitutional denial of due process. However, as this court noted in *Zacek, supra,* Civ. R. 53(E) contemplates that a referee's report which includes a statement of findings of fact and recommendations may be sufficient for the trial court to render an independent analysis of the validity of the report. See, also, *Dunson v. Aldrich* (Sept. 22, 1988), Franklin App. No. 87AP-1005, unreported (1988 Opinions 3476); *Thompson v. Thompson* (1986), 27 Ohio App. 3d 296; *Novel v. Novel* (Dec. 31, 1987), Franklin App. No. 87AP-515, unreported (1987 Opinions 3419); and *Davis v. Davis* (Aug. 22, 1985), Franklin App. No. 84AP-1131, unreported (1985 Opinions 2422). We find no denial of due process as the trial court merely increased the order of child support in accordance with an increase in plaintiff's income. We find plaintiff's

eight assignment of error to be not well-taken, and it is therefore overruled.

Finally, plaintiff argues in his ninth assignment of error that the trial court erred in granting custody of the parties' minor children to defendant since both parties were actively involved with the children. Plaintiff argues that the referee incorrectly concluded that plaintiff could offer no child care plan. Plaintiff insists that the only purpose for defendant's removing the children out of state to live with her family was to deprive plaintiff of the companionship of their father and to make plaintiff suffer. While we believe that plaintiff is correct in his argument that the referee concluded that both parents could provide proper care for the children, we do not find an abuse of discretion by the trial court in failure to grant custody of the minor children to plaintiff. As recognized by the Supreme Court in *Trickey v. Trickey* (1952), 158 Ohio St. 9:

"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation cannot be conveyed to a reviewing court by printed record. ***" *Id.* at 13.

There exists sufficient evidence to support the trial court's conclusion that it would be in the best interest of the children to reside with defendant. We believe that such decision appropriately rests with the trial court which has a better opportunity to evaluate the capabilities of those parties before it in order to determine who may provide care which is in the best interest of the children. Upon review, this court wall refrain from fending an abuse of discretion by the trial court in awarding custody of the minor children to defendant, and therefore plaintiff's ninth assignment of error is not well-taken and is overruled.

Defendant has also set forth three assignments of error on cross-appeal for review by this court:

"1. The court abused its discretion by dismissing cross-appellant's case upon appellant's motion as prima face a case of grounds for divorce had been established.

"2. The court abused its discretion as to the finding and order as to child support as the child support ordered was inadequate based upon the evidence presented.

"3. The court abused its discretion in not permitting the cross-appellant a short recess to ascertain the whereabouts of her witnesses."

In her first assignment of error, defendant argues that the trial court abused its discretion in dismissing defendant's counterclaim for divorce since such dismissal was against the manifest weight of the evidence. Defendant testified that she had been physically threatened and injured by plaintiff. Defendant insists that she presented sufficient evidence demonstrating both mental and physical abuse for which divorce could be granted. There was also evidence that plaintiff had neglected his duty to support the family, and therefore there existed sufficient grounds to support a finding of divorce in favor of defendant. The trial court concluded that while there *may* exist some neglect and/or cruelty, it did not rise to the level of gross neglect or extreme cruelty. As the trial court concluded that defendant had not met her burden in establishing grounds for divorce, it dismissed her petition for divorce. Clearly, the record in this case contains evidence of some neglect and cruelty. However, Since R.C. 3105.01 allows for the granting of divorce where the parties have been living separate and apart, without interruption, for one year, we now find this assignment of error to be moot. Accordingly, defendant's first assignment of error is not well-taken and is overruled.

Defendant next argues in her second assignment of error that the trial court abused its discretion in the amount it awarded for child support since it only allowed her $144 per month per child. As she earned very little income, and needed to find work outside the home, defendant insists that the amount of child care awarded was insufficient to cover work-related child care costs and other necessities in raising four small children. Upon review of the record, we believe that the trial court could properly have determined that defendant's requested amount for child care was unwarranted and that she was entitled to costs based upon the evidence she had presented at the September 1988 hearing. While defendant submitted subsequent budgets containing different child care costs arrangements, we do not believe that the trial court abused its discretion in relying upon the earlier budget. Therefore, defendant's second assignment of error is not well-taken and is overruled.

Finally, in her third assignment of error, defendant argues that the trial court abused its discretion in not allowing defendant a short recess to ascertain the whereabouts of her two remaining witnesses. As the trial court dismissed both the complaint and the counterclaim for divorce filed by the parties in the present case, there was no division of assets made. The two witnesses which defendant sought to have testify were not witnesses as to the grounds for divorce, but instead were to give a valuation regarding a retirement plan and the value of attorney fees. As we found no abuse of discretion by the trial court in dismissing defendant's counterclaim for divorce, we find no prejudicial error to exist which would mandate reversal on this ground. Accordingly, defendant's third assignment of error is not well-taken and is overruled.

Based on the foregoing, plaintiff's first assignment of error s well-taken and is sustained. Plaintiff's remaining assignments of error are not well-taken and are overruled. With regard to defendant's cross-appeal, defendant's assignments of error are not well-taken and are overruled. The judgment of the trial court is hereby reversed and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

BRYANT, J., concurs.

YOUNG, J., dissenting.

Inasmuch as I am unable to agree with the majority as to the disposition of the first assignment of error, I respectfully dissent.

The appellant's contention in his first assignment of error is that the trial court erred in awarding the tax deduction, (*i.e.,* tax exemption), to the appellee. The appellant's basis for this assignment of error is that the appellant's income is far greater than that of the appellee and that he would receive far greater benefit from the use of the tax exemptions than the appellee. Further, he contends that, to award the appellee, the tax exemptions would render those exemptions "totally wasted."

The basis for this dispute is that Section 152(e), Title 26 U.S. Code, as amended by the Tax Reform Act of 1984, grants to the custodial parent the children's tax exemptions unless specifically waived by that parent. However, this rather simple tax provision is complicated

by the Ohio Supreme Court's decision in *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165, syllabus, where the Ohio Supreme Court ruled "as a part of the division of marital property in a divorce proceeding, a domestic relations court may award the dependency exemption permitted in Section 151, Title 26, U.S. Code, to the noncustodial parent" and that "[s]uch an order does not conflict with Section 152, Title 26, U.S. Code, nor the Sixteenth Amendment to the United States Constitution."

The Ohio Supreme Court admitted, however, that the Ohio courts cannot force a custodial parent to execute the required "waiver" and that Ohio courts are without the authority to bind the Internal Revenue Service to comply with such an order. *Id.* at 167-168.

The Ohio Supreme Court later qualified the *Hughes* decision *(supra)* by its decision in *Bobo v. Jewell* (1988), 38 Ohio St. 3d 330, by stating at page 332 as follows:

"Thus, if a trial court exercises the authority to allocate a child dependency deduction to the noncustodial parent, the record must show that the interest of the child has been furthered."

In this case, while it is apparent that there is a great disparity in the incomes of the parties, there is nothing which demonstrates that in the event the dependency exemptions had been granted by court order to the appellant that this fact would have benefitted the children in any way whatsoever.

The standard by which this court examines the domestic court's actions in those matters which are appealed to this court is found in *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217 as follows:

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. ***" *Id.* at 219.

In view of the facts found in the record as well as the review of the statutory law, I would overrule the appellant's first assignment of error inasmuch as the trial court's failure to award the tax exemption to the appellant can hardly be defined as an unreasonable, arbitrary, or unconscionable act.

------

[1] We note that R.C. 3113.21(B) (10) is now effective and addresses this issue but was not in effect at the time that the present case arose.