Defendant-appellant, Mark J. Parsons, appeals from a judgment of the Court of Common Pleas, Division of Domestic Relations, finding that defendant's child support obligation had been miscalculated and that he was to pay support in a recalculated amount.
Defendant and plaintiff-appellee, Marie Parsons Kish, were married in 1977 and had two children as a result of their marriage. The parties were divorced in November of 1991 and pursuant to the shared parenting plan that was approved by the court, defendant was to pay $100 per month plus poundage for child support. No spousal support was ordered. In 1997, the Franklin County Child Support Enforcement Agency ("FCCSEA") reviewed the case and recommended that defendant pay child support in the revised amount of $374.77 per month plus poundage, prompting defendant to request a hearing before the court on the adjusted amount.
Pursuant to Civ.R. 53, the trial court referred the matter to a magistrate. Following a hearing, the magistrate found that FCCSEA erred in calculating defendant's child support obligation. The magistrate determined that defendant properly should pay $404.33 per month plus poundage for the period of September 11, 1997 through February 6, 1998, and effective February 7, 1998, $335.52 per month plus poundage.
Defendant filed objections to the magistrate's decision on May 8, 1998. The domestic relations court dismissed defendant's objections as untimely, Civ.R. 53(D)(3)(a), and adopted the magistrate's decision. In its judgment entry adopting the magistrate's decision, the court noted not only that defendant's objections were untimely, but that defendant also did not file a transcript in support of his objections. Civ.R. 53(D)(3)(b).
Defendant timely appeals, assigning the following error:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED IN APPROVING MAGISTRATE'S DECISION FOR RECALCULATION OF GUIDELINE SUPPORT IN FAVOR OF APPELLEE AS TO APPELLANT'S COMPLAINT AS THERE EXISTS GENUINE ISSUES OF MATERIAL FACT UPON WHICH REASONABLE MINDS COULD DIFFER, MAKING APPROVAL OF GUIDELINE SUPPORT IMPROPER.
Defendant's single assignment of error asserts the trial court erred in adopting the factual determinations in the magistrate's decision.
Generally, a trial court abuses its discretion when it adopts a magistrate's decision without first considering a transcript.155 N. High Ltd. v. Cincinnati Ins. Co. (1991), 75 Ohio App.3d 253,263. The principle, though, is premised on the objecting party's timely requesting a transcript. Id.; Lanning v. Lanning
(May 25, 1995), Franklin App. No. 94APF12-1710, unreported (1995 Opinions 2230). Pursuant to Civ.R. 53(D)(3)(b), "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
Defendant did not file a transcript with his objections. Without a transcript, the trial court had no basis to determine whether defendant's objections to the magistrate's factual findings were well-grounded. In such cases, the trial court does not err in accepting and adopting the findings of fact contained in the magistrate's decision. Boggs v. Boggs (1997),118 Ohio App.3d 293, 301; Howe v. Howe (Sept. 18, 1996), Hamilton App. No. C-960100, unreported. Accordingly, this court can not say that the domestic relations court abused its discretion in adopting the factual determinations in the magistrate's decision. Cf. In re Sisinger (1982), 5 Ohio App.3d 28, paragraph one of the syllabus (noting that [i]t is necessary that the trial court be provided a transcript of the evidence where the objections to the referee's report go to factual issues requiring a de novo review of the evidence by the trial court, and it is not an abuse of discretion for the trial court to overrule such objections where there is a failure to provide such transcript pursuant to specific request of the trial court.").
Accordingly, defendant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
KENNEDY and PETREE, JJ., concur.