OPINION
{¶ 1} Marlene McLaughlin, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion for summary judgment filed by OhioHealth Corp. ("OhioHealth"), Grant Medical Center ("Grant"), and James Conrad, Administrator of the Ohio Bureau of Worker's Compensation, defendants-appellees (sometimes referred to collectively as "appellees"), and denying her motion for summary judgment.
 {¶ 2} Appellant is employed as a nurse by Grant, which is owned by OhioHealth. She completed a shift at Grant on December 30, 1999, from 3:00 p.m. until 11:30 p.m., and was "on-call" the next day. On days when she is on-call, appellant is required to carry a pager, paid a wage of $1.50 per hour, and required to be readily available to come to the hospital on short notice after receiving a page or phone call from Grant. She is not paid her normal hourly wage until she clocks in at Grant. While on-call, she curtails her personal activities to ensure that she can respond to a page or phone call within 30 minutes. She indicated that she has been paged 90 to 95 percent of the time while on-call.
 {¶ 3} On December 31, 1999, appellant was at home when she received a page from Grant. While attempting to enter her vehicle at her residence, she slipped on "black ice" and fractured her left femur. She was required to undergo emergency surgery for the fractured left femur.
 {¶ 4} Appellant filed a workers' compensation claim with OhioHealth. After a hearing, a district hearing officer ("DHO") of the Industrial Commission of Ohio ("commission") denied the claim on June 8, 2000. On August 23, 2000, a staff hearing officer ("SHO") affirmed the DHO's decision. Appellant appealed, and the commission concurred with the SHO's decision denying the claim. Appellant filed an appeal of the commission's decision in the Franklin County Common Pleas Court on September 1, 2000. On June 27, 2001, Grant and OhioHealth filed a motion for summary judgment. On July 10, 2001, appellant filed a cross-motion for summary judgment. On February 1, 2002, the case was referred to a magistrate to decide the summary judgment motions. On April 4, 2002, the magistrate granted OhioHealth and Grant's motion for summary judgment and denied appellant's motion for summary judgment. On April 15, 2002, the trial court filed an entry journalizing the magistrate's decision. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 5} "The lower court erred in granting Ohio Health's [sic] motion for summary judgment and denying McLaughlin's motion for summary judgment."
 {¶ 6} Appellant argues in her assignment of error that the Franklin County Common Pleas Court erred when it granted summary judgment in favor of appellees and denied her motion for summary judgment. Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103.
 {¶ 7} First, we must address an argument raised by appellees. Appellees argue that appellant's claims are barred for failure to file objections to the decision of the magistrate granting summary judgment to appellees. Pursuant to Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See Brown v. Zurich, Franklin App. No. 02AP-9, 2002-Ohio-6099, at ¶ 26; Clendenen v. Fannin Realty, Inc., Franklin App. No. 01AP-1295, 2002-Ohio-4548, at ¶ 17; McBroom v. Bob-BoydLincoln Mercury, Inc. (Oct. 22, 1998), Franklin App. No. 98AP-229. Thus, " `Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision.' " State ex rel.Alston v. Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4, quoting Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136. The staff notes of Civ.R. 53 provide that "[d]ivision (E)(3)(b) * * * reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Further, in State ex rel. Booher v. Hondaof Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54, the Ohio Supreme Court held that pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. See, also, State ex rel. Abate v. Indus. Comm. (2002), 96 Ohio St.3d 343, following Booher.
 {¶ 8} However, this court, in construing Civ.R. 53, has "held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review `of all but plain error.' " In re Montgomery (Oct. 28, 1999), Franklin App. No. 99AP-749, quoting Federal Property Mgt. v. Brown (June 25, 1999), Montgomery App. No. 17424. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 9} Civ.R. 53(E)(3)(b) provides appellant with the mechanism to raise her arguments before the trial court. Appellant failed to utilize this method by not filing objections to the magistrate's decision. "AsGoldfuss makes clear, plain error is to be used very sparingly and would not be warranted in the absence of circumstances raising something more than a mere failure to object." R.G. Real Estate Holding, Inc. v. Wagner
(Apr. 24, 1998), Montgomery App. No. 16737. This case does not present any exceptional circumstances where the trial court's adoption of the magistrate's decision affects "the basic fairness, integrity, or public reputation of the judicial process." Id.
 {¶ 10} We note that appellant cites our decision in In reSisinger (1982), 5 Ohio App.3d 28, for the proposition that there is no requirement in Civ.R. 53, or otherwise in law, that a party file objections in the trial court as a prerequisite to appeal from a judgment adopting a magistrate's decision. It is true that we held in Sisinger
that a judgment upon the magistrate's decision is fully reviewable upon appeal regardless of whether or not objections were made in the trial court to the magistrate's decision. However, Sisinger was decided before several substantial amendments to Civ.R. 53. The first, effective July 1, 1985, was the adoption of Civ.R. 53(E)(6). After the July 1, 1985 amendment, "[p]ursuant to the express terms of Civ.R. 53(E)(6), a party may not assign as error the trial court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report." Proctor v. Proctor (1988),48 Ohio App.3d 55, paragraph one of the syllabus. Therefore, Sisinger is inapplicable to this case.
 {¶ 11} By the express language of former Civ.R. 53(E)(6), the waiver provisions found therein applied only to findings of fact. However, effective July 1, 1995, Civ.R. 53 was significantly overhauled again to provide that a party may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law contained in the magistrate's report unless that party has objected to that finding or conclusion under the rule. See Civ.R. 53(E)(3)(b). Thus, although the previous version of Civ.R. 53 did not subject conclusions of law to waiver on appeal, under the version adopted July 1, 1995, the waiver provisions apply to the failure to file objections to both conclusions of law and findings of fact. See Cunningham v. Cunningham, Scioto App. No. 01CA2810, 2002-Ohio-4094. For this reason, appellant's citation to Biggsv. Biggs (Aug. 16, 1996), Lucas App. No. L-95-214, to support its claim that it was not required to file objections to the magistrate's decision in order to appeal, is unavailing. The trial court's judgment entry inBiggs, to which no objections were filed, was journalized by the trial court on June 26, 1995. Thus, because the trial court's judgment was entered before the July 1, 1995 amendments became effective, appellant cannot rely upon the holding in Biggs.
 {¶ 12} We would also note that appellant filed a notice of additional authority with this court purportedly with citations to cases that support her argument that she did not waive her right to appeal this matter due to her failure to file objections to the decision of the magistrate in accordance with Civ.R. 53(E)(b)(3). However, none of the four cases appellant cited are related to Civ.R. 53(E)(b)(3) or its applicability of the rule to the present case, and they offer no guidance on the issue. Therefore, we find that appellant has waived any appellate review of the trial court's adoption of the magistrate's decision to which she filed no objections.
 {¶ 13} Although we realize that any discussion of the merits at this point would constitute dicta, we note that upon a cursory review of the merits of appellant's assignment of error, it appears appellant would not have been entitled to workers' compensation benefits for her injury. It appears appellant was a fixed-situs employee and, thus, within the "coming-and-going rule," which precludes an employee who is injured while traveling to or from a fixed place of employment from receiving benefits because the requisite causal connection between the injury and the employment does not exist. Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 119. Further, it appears appellant could not have avoided the application of the coming-and-going rule by demonstrating that she qualified under any exception to the rule.
 {¶ 14} Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.