GATTON, APPELLANT, v. F. J. EGNER & SON, INC.,
APPELLEE.

(No. 742—Decided December 10, 1946.)

*Messrs. Bowers, Stafford & Bowers,* for appellant.
*Messrs. Fisher, Limbach, Smith & Renner,* for appellee.

SHERICK, P. J. This appeal complains of the trial court's action in sustaining a motion, interposed by defendant at the conclusion of plaintiff's statement of his cause of action, for dismissal of the petition for the reason that plaintiff's petition and statement of his case does not state or constitute a cause of action, and that the petition and statement disclose that plaintiff was guilty of negligence which contributed to and proximately caused the damage of which he complains.

Briefly, the pleaded facts and statement of what plaintiff proposed to prove are that on a dark and rainy fall night plaintiff was driving northerly on state route No. 250; that several cars passed him going in

the same direction, the last of which after cutting in, in front of him in the same line of traffic, suddenly swerved to the left and passed defendant's truck which was standing in plaintiff's path, without having displayed any lights, fusees, flares, torches or lanterns as required by law; and that the standing truck was of dark olive color and was invisible to plaintiff, and by reason thereof, and the intervening car having obstructed his vision, he was unable to stop, which caused his car to collide with the rear end of the truck standing in his lane of travel.

It is agreed that solution of the controversy is dependent on the applicability of the "assured clear distance ahead" statute, Section 6307-21, General Code, formerly found incorporated in Section 12603, General Code, as it is popularly denominated. That section, enacted for the benefit of the public, directs as an absolute rule of conduct, that one shall not drive his vehicle on a public highway "at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead"; and that a failure to conform thereto is negligence *per se,* as is held in *Glasco* v. *Mendelman,* 143 Ohio St., 649, 653, 56 N. E. (2d), 210.

The courts of this state, and also those of Michigan, Pennsylvania and Iowa, which have similar, in fact identical statutes, hold to the rule that the object which obstructs traffic in one's lane of travel must be a "discernible object," before the statute can apply; and that if the state of facts appearing in any particular case, discloses a situation which presents a justifiable legal excuse, the statute shall not apply.

Was defendant's parked, olive-colored and unlighted truck standing in plaintiff's lane of travel on that dark and rainy night a discernible object? In *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427, that question is answered in the af-

firmative. We see no need in quoting therefrom, other than to say that the court followed the rule stated in a like case in *Lindquist* v. *Thierman,* 216 Iowa, 170, 248 N. W., 504, 87 A. L. R., 893. The same conclusion is reached in *Dalley* v. *Mid-western Dairy Products Co.,* 80 Utah, 331, 15 P. (2d), 309. This court has previously subscribed to the same view in *Beal* v. *Erie Rd. Co.,* 51 Ohio App., 397, 1 N. E. (2d), 328.

Do the facts pleaded and proposed to have been developed constitute a justifiable legal excuse which makes the statute inapplicable? In answering that query, it must be kept in mind that plaintiff was not forced out of his lane of travel into a parked vehicle, but that defendant's truck was parked in plaintiff's lane of traffic. Plaintiff argues that the intervening automobile was the discernible object within his range of vision, and that it obscured and cut off his view so that he could and did not see the parked truck in time to avoid colliding with it. The admitted fact is, however, that the driver of the intermediate car saw it in time, swerved to the left and avoided it. When that car swerved it was in closer proximity to the truck than was plaintiff's car. Ought not plaintiff, in the exercise of ordinary care, to have been able to do likewise?

Drivers of motor cars well know that other vehicles are using the public roads, that other vehicles precede and follow them in the same lane of traffic, and that such vehicles may be driven slowly or fast and for some reason may come to an abrupt stop. Those are the facts which without doubt in part prompted enactment of the statute which directs that one shall be able to stop within the assured clear distance ahead. Section 6307-76, General Code, and related sections require that driving light be of sufficient illuminating

power to enable a driver to see discernible objects in the public highways.  If one chooses to drive so fast or so close in traffic that he cannot see or stop within the assured clear distance ahead he ought not to seek reimbursement for his own folly.  If one so drives upon the public road and is unable to stop when discernible objects suddenly loom up in his lane of travel, even if the other be negligent, he may not recover damages when his own negligent act contributes to and is a proximate cause of his injury.  This court deems it proper to point out that the provisions of Section 6307-21, General Code, contemplate discernible objects that may be seen or ought to have been seen by a driver in the exercise of due care and compliance with statutory requirements, rather than when such objects are seen by a careless driver.

In *Smiley* v. *Spring Bed Co.,* 138 Ohio St., 81, 88, 33 N. E. (2d), 3, the court, because of the statute's requirements, goes so far as to disturb the then understood rule and to hold that one may not assume that other drivers using the highway will obey the law.  It will be noted that it is said in the *Smiley case* that "it is highly desirable that the statute be given a similar interpretation by the courts of the several states wherein it is in force"; and cites with approval, *Moore* v. *United States Truck Co.,* 260 Mich., 56, 244 N. W., 228.  Examination of that authority discloses that it is upon all fours with the facts in the present case.  This court, therefore, considers it a precedent which it ought to follow.

The recent case of *Bush* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851, restates in its second paragraph of the syllabus what are justifiable legal excuses for non-application of the assured clear distance ahead statute.  It is held that there "must be

362

something which makes it impossible to comply with the safety legislative enactment, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the enactment itself.'' We cannot find that any excuse offered by plaintiff falls within any exception therein stated. It follows that the judgment must be and is affirmed.

*Judgment affirmed.*

PUTNAM and MONTGOMERY, JJ., concur.