### Hatter v. Cathey
### Case No. 11254
### Montgomery County, (2nd)
### Decided January 11, 1990
[Cite as 1 AOA 100]

*Nelson Lancione of Lancione Law Offices, 42 East Gay Street, Suite 1200, Columbus, Ohio 43215 and William E. Peele, 135 North South Street, P.O. Box 804, Wilmington, Ohio 45177; Attorneys for Plaintiff-Appellant,*

*John A. Smalley of Young & Alexander, 367 West Second Street, P.O. Box 668, Dayton, Ohio 45402; Attorney for Defendant-Appellee.*

BROGAN, J.

Teresa Hatter brought suit against Mary Cathey for the wrongful death of her husband, Johannas. The cause was heard before a jury which found there to be comparative negligence, with Cathey 15% at fault and plaintiff's decedent 85% at fault. Accordingly, judgment was entered in favor of the defendant, Cathey. This matter is now before the court on Hatter's timely notice of appeal from said judgment. Hatter asserts eight assignments of error claiming that the trial court incorrectly admitted certain testimony, abused its discretion by allowing the jury to deliberate on a Friday afternoon, and gave improper or incomplete instructions regarding negligence per se, comparative negligence, and *res ipsa loquitur*. For reasons stated more fully below, we affirm the trial court's judgment.

At approximately 2:00 p.m. on September 17, 1986 plaintiff's decedent was traveling westbound on State Route 35 in a tractor-trailer. Witnesses testified that the road was dry and that driving conditions were good. For unknown reasons, a spare tire, complete with wheel, which was secured to the undercarriage of the tractor-trailer fell off and came to rest in the middle lane of the three-lane westbound portion of the highway. Plaintiff's decedent pulled his tractor-trailer off the road into the median strip approximately three-tenths of a mile from where he had lost his tire. Plaintiff's decedent then began walking along the left side of the highway towards the tire. There was conflicting evidence as to exactly where plaintiff's decedent was walking, but there was eyewitness testimony placing him in the traveled portion of the highway immediately preceding the accident.

Meanwhile, Cathey was also traveling westbound on State Route 35. Witnesses testified that she was traveling within the speed limit at about 50 to 55 mph. She was in the same lane as the tire, but testified that she could not see it because the car in front of her was blocking her view. The car in front successfully veered into another lane and avoided hitting the tire. There was some evidence that at the instant that the first car swerved, Cathey was looking back over her right shoulder in preparation for merging into the right lane so as to exit the highway. Cathey hit the tire causing her vehicle to careen uncontrollably to the left, thus striking and killing plaintiff's decedent.

Hatter's theory of the case was that Cathey was traveling too close behind the car in front of her, in violation of the assured clear distance rule in R.C. 4511. 21(A), and that this fact caused her not to be able to see the tire lying in the road or avoid hitting it. Violation of the statute, Hatter argues, constituted negligence per se, and said negligence proximately caused the death of plaintiff's decedent.

In the interests of clarity this court will address Hatter's eight assignments or error in a slightly different order than that in which they were presented.

In appellant's fourth assignment of error, she contends that the trial court committed prejudicial error in failing to instruct the jury that the defendant was negligent as a matter of law in failing to observe the assured clear distance ahead statute when the defendant struck the truck tire. The decisions of the Ohio Supreme Court have established that the operator of a motor vehicle violates the assured clear distance statute if he drives at such a speed that he collides with a reasonably discernible object (1) which is located ahead of him in his lane of travel and which object is (a) static or stationary *or* (b) moving ahead of him in the same direction or (2) which appears in his path at a sufficient distance ahead of him to give him time, in the exercise of ordinary care, to bring his automobile to a stop and avoid a collision. *McFadden* v. *Bruer Transportation Co.* (1952), 156 Ohio St. 430. In most instances, the question of whether an object with which the collision occurs is a reasonably discernible object presents little difficulty. A truck tire in the middle of a highway in broad daylight is as a matter of law a discernible object.

In *Gatton* v. *Egner* (1946), 79 Ohio App. 358, the Tuscarawas County Court of Appeals held that a driver of an automobile violates the assured clear distance statute when he operates his automobile so close behind a motor vehicle being operated in the same direction on the highway, that when such preceding vehicle suddenly swerves to the left to avoid striking an unlighted truck parked on the highway immediately ahead, his automobile collides with the rear of the same truck. The court further held the fact that the intervening motor vehicle obscured the view of the driver of the following automobile did not constitute a justifiable legal excuse for making the statute inapplicable.

In the matter *sub judice*, there was no dispute the truck tire was in the traveled portion of the highway for a sufficient period of time for the driver to alight from his vehicle and walk some distance to retrieve it. It is also undisputed the driver of the vehicle in front of the appellee's vehicle was able to avoid the truck tire. It is undisputed that the appellee collided with a discernible static object in her lane of travel. The trial court should have granted appellant's request that he instruct the jury that the appellee violated the statute and was negligent as a matter of law. This error, however, was not prejudicial to the plaintiff as the jury did conclude that the defendant violated the assured clear distance statute as they concluded she was 15% negligent. The fourth assignment is overruled.

In appellant's first, second, third, and fifth assignments of error, she contends the trial court erred in permitting the defendant to present evidence that she was operating her vehicle at or below the posted speed limit and other evidence that she could not have avoided hitting the truck tire given the speed of her vehicle and the circumstances of suddenly confronting a truck tire on a highway. This evidence was irrelevant to the issue of whether the defendant violated the assured clear distance statute but was admissible on the ultimate issue of the degree or amount of negligence the jury should apportion to the defendant's conduct. Opinion testimony is not objectionable because it embraces an ultimate issue. *See* Evid. R. 704. Accident reconstruction testimony is often helpful to a jury and is admissible. *Schaffter* v. *Ward* (1985), 17 Ohio St. 3d 79. We do not agree that the probative value of the expert's testimony was outweighed by its prejudicial effect. The admissible or exclusion of relevant evidence rests in the sound discretion of the trial court. *State* v. *Sage* (1987), 31 Ohio St. 3d 173. The first, second, third, and fifth assignments are overruled.

Hatter's seventh assignment of error asserts that the trial court abused its discretion by allowing the jury to begin deliberations at 4:50 P.M. on a Friday. Hatter argues that deliberations should have been postponed until Monday, because beginning them late on a Friday afternoon prejudiced the jury to return a "quick defense verdict" so as to leave early for the weekend. This argument is not well taken. Jury prejudice will not be presumed; rather, the presumption is that juries base their decisions solely upon the evidence presented at trial. *Prudential Ins. Co.* v. *Hashman* (1982), 7 Ohio App. 3d 55. Nothing in the record indicates that the jury returned from deliberations inordinately quickly or that they allowed the time of day to influence their discussion. The commencement of deliberations began well within the procedural guidelines established by the legislature. See, R.C. 2315.01, 03. We can find no abuse of discretion by the trial court.

For her sixth assignment of error Hatter contends that the following jury instruction was improper:

> Now, I told you this was a case of comparative negligence. Defendants allege that Plaintiff's decedent, Johannas Hatter, was also negligent, and that his negligence proximately contributed to cause the accident and his subsequent death. Now the allegations of negligence alleged to have been caused by Mr. Hatter are in the following respects: Number one, in operating an unsafe vehicle on the highway and in walking Route 35 where he was walking on September 17, 1986, and in assuming a known risk of danger by going back to retrieve or wherever he was going on that highway. Transcript, pp. 386-387.

Hatter advances two arguments as to why this charge was erroneous. First, Hatter claims that there was no evidence of any possible negligence on the part of plaintiff's decedent. We cannot agree. The record is rife with examples of plaintiff's decedent's behavior that reasonable minds could conclude were negligent. These include, *inter alia*, the fact that the tire fell off of plaintiff's decedent's truck (see the discussion on eighth assignment of error, *infra*), and that he was walking along the left side of the highway (possibly in the traveled portion of the road). The jury could have reasonably concluded that Hatter had assumed the risk of serious injury by walking on the highway berm against traffic which would have to avoid a semi-truck tire. There is no doubt that a charge on a comparative negligence was warranted in the case at bar. Hatter's second argument is that the charge was erroneous because it included assumption of the risk as a type of comparative negligence. This court has held that a charge on comparative negligence that is otherwise correct is not made erroneous by including therein the concept of assumption of the risk. *Rickert* v. *Dayton Power & Light Co.*

(Dec. 20, 1984), Darke App. No. 1105, unreported. The sixth assignment of error is found to be not well taken.

For her eight assignment of error, Hatter contends that the judge erred in instructing the jury that:

> Now the responsibility to prove the decedent's negligence rests by law upon the Defendant, and they must prove that negligence by the same preponderance of evidence as I have previously described to you here.
>
> There is a doctrine known as res ipsa loquitur. Res ipsa loquitur is a rule of evidence and it's defined in this manner: Where the instrument or vehicle which caused or is alleged to have caused the damages is in the exclusive control of the person and the event is one that could not have happened if ordinary care had been used or without negligence, then res ipsa loquitur applies. Now again, where the vehicle and tire which caused the injuries alleged is in the exclusive control of the Plaintiff and the event which has brought about the tire becoming dislodged [sic] from the vehicle is one that would not have happened if ordinary care had been used according to reason and the common experience of mankind, you may, but you are not required to, infer from these circumstances that Plaintiff, or the Plaintiff decedent was negligent. Such inference, if made, is sufficient for a finding of negligence. However, the Plaintiff may equal or overcome such inference by introducing evidence which tends to show that ordinary care was used by the Plaintiff.
>
> The weight of the inference of Plaintiff's negligence or Plaintiff decedent's negligence as well as the weight of the explanation offered by the Plaintiff to meet that inference are for you to determine.

Hatter argues that *res ipsa loquitur* is a rule exclusively invocable by plaintiffs, and that it is "fatal error" to allow defendants to apply the doctrine. Hatter is mistaken.

The doctrine of res ipsa loquitur is not a substantive rule of law furnishing an independent ground for recovery, rather it is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated. *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451, paragraph one of the syllabus. The doctrine of res ipsa loquitur does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence. *Jennings Buick Inc.* v. *Cincinnati* (1980), 63 Ohio St. 2d 167.

As an evidentiary rule, the doctrine of res ipsa loquitur is equally available to the defendant who asserts that the plaintiff was in some manner contributory negligent. A defendant in a comparative negligence situation is subject to the same burdens and entitled to the same benefits as is the plaintiff in his negligence action. *Seely* v. *Rahe* (1985), 16 Ohio St. 3d 25. The only difference between the two is that comparative negligence necessarily requires both parties to be to some degree at fault, whereas in simple negligence only one party need be; they are in all other respects identical. (*Id.*)

It is clear from the charge quoted above that the trial court was merely instructing the jury that they could, if they chose to, infer that plaintiff's decedent was comparatively negligent from the fact that his spare tire fell from his tractor-trailer.

Since there was evidence that the tire was exclusively under his control, and in the ordinary course of events spare tires do not fall from the undercarriage of tractor-trailers if ordinary care is observed, the charge was proper. *Hake, supra.* The doctrine is especially applicable when knowledge of the specific negligent act or omission is exclusively in the possession of the tortfeasor. *Shields* v. *King* (1973), 40 Ohio App. 2d 77. Contrary to Hatter's assertion, it is of no consequence that the accident reconstructionist testified that he could not determine what caused the tire to fall off, since the permissible inference of comparative negligence still existed for the jury to accept or reject as it saw fit. *Jennings Buick, supra.*

As it was used in this case, *res ipsa loquitur* was merely an evidentiary tool permitting the jury to infer a negligent act or omission. The permissible inference is equally available to plaintiffs in a negligence action or defendants asserting a comparative negligence defense. It is not, as Hatter argues, being used as an affirmative defense.

Each of Hatter's eight assignments of error having been found to be not well taken, the judgment of the trial court will be affirmed.
WILSON, J., and FAIN, J., concur.