CORONET INSURANCE COMPANY, Appellee,

v.

RICHARDS et al., Appellants.

[Cite as *Coronet Ins. Co. v. Richards* (1991), 76 Ohio App.3d 578.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–855.

Decided Dec. 5, 1991.

*Reminger, Reminger, Hunter & Enders, Thomas D. Hunter* and *Gwen S. Karr,* for appellee.

*Kreiner & Peters Co., L.P.A.,* and *James N. Curzan,* for appellants.

PEGGY BRYANT, Judge.

Appellants, Kelly Lynn Richards and Motorists Mutual Insurance Company ("Motorists") appeal from a judgment of the Franklin County Court of Common Pleas for appellee, Coronet Insurance Company ("Coronet") against Richards, and ruling that Richards and Motorists recover nothing on their claims against Coronet's insured, Linda Hoffman.

Coronet commenced this action in the Franklin County Municipal Court against Richards, who answered and sued plaintiff's insured, Hoffman, as a third-party defendant. Motorists filed a separate suit against Hoffman in the Franklin County Municipal Court, and on December 27, 1989, both cases were consolidated and transferred to the common pleas court.

On March 25, 1991, the case was heard before a referee of the common pleas court. Portions of the testimony were undisputed. Specifically, on January 20, 1989, at approximately 5:00 p.m., Richards was driving her 1984 Datsun on State Route 315 North, where she took the I–270 exit toward U.S. Route 23 North. After Richards positioned her car into the lane for exiting

onto 23 North, Hoffman moved into the lane behind her. Hoffman observed Richards swerving the car in her own lane as she and her passenger appeared to be looking for something in the backseat.

Hoffman testified that while Richards was looking toward the backseat, she was also traveling "pretty fast for going around the cloverleaf." Although no cars were ahead of Richards, the next thing Hoffman knew Richards's passenger was looking back at her, and Hoffman realized that "they must have come to a complete stop. There was no brake lights, no indication they were going to stop * * *." Hoffman slammed on her brakes and swerved to the left in an effort to avoid Richards's car, but she nevertheless hit the left corner of the car.

By contrast, Richards testified that there were cars in front of her. Richards admits that her passenger was "bugging" her about a cassette tape, and she further admits that, in the midst of the concern over the tape, she looked up and saw that the cars in front of her were slowing. She panicked, having driven a standard shift automobile for only approximately seven months. By instinct, she slammed on the brakes even though, since she was preparing to downshift, the clutch pedal was engaged. While she is not certain, she suspects that the car stalled. Within seconds, she was struck from the rear by Hoffman.

Following a hearing before the referee, the referee requested proposed findings of fact and conclusions of law from both parties. In their respective proposals, Coronet submitted that Richards was solely negligent in her failure in any manner to signal her sudden stop, and Richards and Motorists submitted that Hoffman was negligent in her failure to maintain an assured clear distance ahead. The referee adopted by reference plaintiff's proposed findings of fact and conclusions of law in their entirety. Following objections to the referee's report, the trial court found that it should not substitute its judgment for that of the referee, the "trier of fact"; the trial court thus adopted the referee's recommendation, and entered judgment for Coronet.

Richards and Motorists appeal therefrom, assigning the following errors:

"1. The trial Court erred in overruling Defendants–Appellants' Objections to the Referee's Report as the referee made no independent findings of fact and conclusions of law; and contained insufficient factual information necessary to such a report to enable the trial court to make a critical review and verification.

"2. The trial Court erred in overruling Defendants–Appellants' Objections to the Referee's Report as the findings were against the manifest weight of the evidence.

"3. The trial Court erred in overruling Defendants–Appellants' Objections to the Referee's Report as the conclusions of law were contrary to Ohio law, in failing to find Plaintiff's insured negligent per se.

"4. The trial Court erred in overruling Defendants–Appellants' Objections to the Referee's Report as the conclusions of law were contrary to Ohio law, in failing to proportion the damage by percentages of negligence for each party."

In their first assignment of error, Richards and Motorists assert that the referee's report was legally insufficient, as it contained no independent findings of fact and conclusions of law, and further failed to contain sufficient information to enable the trial court to make an independent review of the case.

Civ.R. 53(E)(5) states in pertinent part:

" * * * The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order.  The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues.  However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to an error or defect.  The court shall enter its own judgment on the issues submitted for action and report by the referee."

Civ.R. 53(E) "contemplates a report from the referee which includes a statement of the basis of his findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. Accordingly, the report must include sufficient information to enable the trial judge to render his own decision." *Zacek v. Zacek* (1983), 11 Ohio App.3d 91, 93, 11 OBR 143, 146, 463 N.E.2d 391, 396.  Absent sufficient findings of fact from the referee, the report is inadequate as the "report lacks the necessary information upon which an independent analysis of questions of law raised by the controversy can be based." *Id.* at 93–94, 11 OBR at 146, 463 N.E.2d at 396.  As this court further explained:

"Because only the trial court can render a judgment when the court makes a referral to a referee, what is required is that the referee report sufficient facts to the trial court to enable it to arrive at the legal conclusions which are a necessary prerequisite to a judgment.  And, when a party objects to the referee's report, it is essential that the report include sufficient information to permit the trial court to resolve the legal issues raised by the objection.  If the report is insufficient in this regard, or the objection challenges the weight of the evidence, the court will, of necessity, need to supplement the report by referring to a transcript of testimony, hearing additional evidence, returning

the report to the referee with instructions, or hearing the matter itself. * * * " *Id.* at 94, 11 OBR at 146, 463 N.E.2d at 396. See, also, *Conn Constr. Co. v. Dept. of Transp.* (1983), 14 Ohio App.3d 90, 14 OBR 104, 470 N.E.2d 176 (specific findings of fact upon which the referee recommends denial of claims are sufficient); but, cf., *Carroll v. Wachs* (Apr. 30, 1987), Cuyahoga App. No. 51737, unreported, 1987 WL 4948 (findings of facts "skewed" in favor of one party are "not an impartial report of the evidence giving both sides of the issue," and warrant reversal).

■ While we address in the second and third assignments of error whether the referee's factual findings actually support the legal conclusions the referee reached, we conclude that the referee's report, which includes by reference findings of fact and conclusions of law, meets the minimum requirements of Civ.R. 53(E) as to form only. Nonetheless, we are compelled to note that the referee's action in adopting one party's proposed findings of fact and conclusions of law is a poor and risky method of rendering a referee's report. Inherent in adopting any party's findings of fact and conclusions of law is the probability that the party has acted not as an impartial trier of fact, but as an advocate. Hence, the proposed factual findings and legal conclusions frequently will fail to consider the gamut of possible resolutions of the controversy, focusing instead on the facts and conclusions most favorable to the party submitting the proposed findings and conclusions. The present case amply demonstrates the risk: as noted more fully below, in adopting Coronet's findings of fact and conclusions of law, the referee has incorrectly applied the law to the facts herein. Hence, although the referee's report marginally meets the requirements of Civ.R. 53 as to form, for the reasons discussed in appellants' other assignments of error, the report is flawed.

Given the foregoing, the first assignment of error is overruled.

The second and third assignments of error are interrelated and thus we address them jointly. Both assignments of error assert that the trial court erred in concluding that Richards's sudden stop made it impossible for Hoffman to stop, thereby exonerating Hoffman from liability for failure to maintain an assured clear distance ahead under R.C. 4511.21(A).

R.C. 4511.21(A) states in part:

"No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Generally, the assured clear distance ahead statute requires that a driver operate his or her vehicle "at a speed no faster than that which will allow him to stop [the] vehicle before making contact with a reasonably discernible object within [the] directional line of travel." *Midwestern Indemn. Co. v. Chubbs* (Dec. 27, 1983), Franklin App. No. 83AP–347, unreported, at 4, 1983 WL 3849. Violation of the assured clear distance ahead statute is negligence *per se*, "and the defense of unavoidable accident due to sudden emergency is not ordinarily available to [one] who violates that statute." *Transp. Corp. v. Lenox Trucking, Inc.* (1968), 15 Ohio St.2d 1, 44 O.O.2d 1, 238 N.E.2d 539, paragraph one of the syllabus. R.C. 4511.21(A) does not apply, however, unless the object struck was discernible for "a time sufficient to allow the driver to avoid it with the exercise of reasonable care." *Chubbs, supra*, at 4.

To the extent that Coronet suggests that Richards's car was not a discernible object, we disagree. The facts in the record disclose that Hoffman could readily see Richards's vehicle in front of her. Indeed, she testified at length concerning not only the vehicle, but the activity of the driver and passenger therein, and she further testified that just moments before striking Richards's car she looked up to see Richards's passenger looking back at her.

Similarly, despite Coronet's contentions to the contrary, the case before us does not present a sudden emergency. While Coronet cites *Francis v. Bieber* (1967), 10 Ohio St.2d 65, 39 O.O.2d 52, 225 N.E.2d 251, which set forth the test for sudden emergency, the facts of that case are not remotely similar to those herein. Indeed, little if anything distinguishes this case from the typical rear-end collision arising out of a failure to maintain an assured clear distance ahead. Richards inadvertently stalling her car is, in effect, similar to a car simply stopped in a roadway, and that circumstance in itself does not excuse a violation of R.C. 4511.21(A). Cf. *Cox v. Polster* (1963), 174 Ohio St. 224, 22 O.O.2d 220, 188 N.E.2d 421; *Gatton v. F.J. Egner & Son, Inc.* (1946), 79 Ohio App. 358, 35 O.O. 127, 73 N.E.2d 812.

Hoffman not being relieved from her responsibility under R.C. 4511.21(A), her striking Richards from the rear constitutes a violation of that section and negligence *per se*. The trial court erred in finding to the contrary.

Nonetheless, as Coronet notes, the record demonstrates that the referee could properly find Richards was negligent for violating R.C. 4511.39, which states in part:

"No person shall stop or suddenly decrease the speed of a vehicle or trackless trolley without first giving an appropriate signal in the manner

provided herein to the driver of any vehicle or trackless trolley immediately to the rear when there is opportunity to give a signal."

Richards not only slowed but stopped her vehicle and, according to Hoffman's testimony, she did so without alerting Hoffman through brake lights or any other mechanism.[1] Violation of R.C. 4511.39 is also negligence *per se. Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 1 OBR 213, 438 N.E.2d 890. Hence, on the record before us and the referee's findings of fact, Richards also was negligent.

■ Inasmuch as both Hoffman and Richards were negligent *per se,* the trial court properly should have applied the law of comparative negligence to the facts, apportioning the negligence between the two parties and determining the appropriate recovery. Accordingly, we sustain the second and third assignments of error.

Appellants' fourth assignment of error asserts that the trial court erred in not applying comparative negligence to the facts herein. Given our discussion under the second and third assignments of error, and for the reasons set forth therein, we sustain the fourth assignment of error.

Lastly, we note that the trial court's decision indicates that "[t]his Court will not substitute its judgment for that of the Referee on issues of fact since the credibility and weight of testimony [are] within the province of the trier of fact. The Court further finds that the findings, conclusions and recommendations of the Referee are supported by reliable, probative and substantial evidence and are in accordance with law. The Report shall, therefore, be approved."

■ The foregoing is not the appropriate standard for review of a referee's report before the trial court. The trial court may redetermine the referee's factual findings based, for example, on objections to the referee's factual findings and a review of the transcript of proceedings before the referee. While the referee is the tentative finder of fact, the trial court is the ultimate finder of fact and need not defer to the referee's factual findings. Moreover, the trial court is to determine not whether the referee's report is supported by substantial, probative and reliable evidence, but whether the trial court finds that the referee has properly determined the factual issues and appropriately applied the law to those factual findings.

---

1. While plaintiff also asserts that Ruth Waugh testified to the lack of functional brake lights, the videotaped deposition of Ruth Waugh is not part of the record on appeal, and Coronet has failed to attach to its brief the typewritten copy of pertinent portions of Waugh's testimony. See App.R. 9(A).

Given all of the foregoing, we remand this cause for a new trial wherein the trial court may determine the comparative negligence of the parties.

While the first assignment of error is overruled, the second, third and fourth assignments of error are sustained to the extent stated. The judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and MCCORMAC, JJ., concur.