OPINION
Defendant-appellant Bernard K. Ogg appeals from the October 27, 2000, Judgment Entry of the Canton Municipal Court.
 STATEMENT OF THE FACTS AND CASE
On May 8, 1999, at approximately 11:00 p.m., appellant's vehicle rear-ended appellee's vehicle while appellee was stopped to make a left hand turn onto another roadway. As a result of the accident, appellant was cited for failure to maintain an assured clear distance in violation of R.C. 4511.21(A).
Thereafter, appellee, on April 26, 2000, filed a complaint against appellant seeking $3,000.00 as compensation for property damage caused by appellant.[1] An answer and counterclaim were filed by appellant on May 9, 2000. Appellant, in his counterclaim, alleged that appellee was negligent for stopping abruptly without warning and for failing to activate his turn signals. Appellant specifically sought compensation for property damage to his car and for personal injury. An answer to appellant's counterclaim was filed by appellee on June 12, 2000. Subsequently, appellee filed a Motion for Summary Judgment on August 18, 2000, to which appellant filed a response on September 21, 2000. As memorialized in a Judgment Entry filed on September 26, 2000, the trial court granted appellee's motion in part, holding that there existed no genuine issue of material fact relating to appellant's violation of R.C.4511.21(A), the assured clear distance statute, and that appellant was negligent as a matter of law. However, the trial court also overruled appellee's motion in part, finding that there was a genuine issue of material fact as to whether appellee was comparatively negligent.
A bench trial was held on October 26, 2000. Pursuant to a Judgment Entry filed the next day, the trial court found that appellant's negligence was the sole proximate cause of the accident and granted appellee judgment against appellant in the amount of $2,500.00[2] plus costs and interest. The trial court, in its October 27, 2000, entry, also ordered that appellee be granted judgment on appellant's counterclaim. While appellant, on November 13, 2000, filed a Motion for Judgment Notwithstanding the Verdict and/or for Reconsideration and Objection to Certain Findings of Fact, the same was overruled by the trial court via a November 14, 2000, Judgment Entry.
It is from the trial court's October 27, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 IN A TRIAL TO THE COURT, THE COURT RELIED ON CLEARLY ERRONEOUS FINDINGS OF FACT, UNSUPPORTED BY THE TRANSCRIPT OF THE WITNESS, QUOTED BY THE COURT IN THE JUDGMENT ENTRY WHICH INCLUDED A STATEMENT OF FINDINGS OF FACT, WHICH WAS PREJUDICIAL TO THE DEFENDANT-APPELLANT.
 ASSIGNMENT OF ERROR II
 THE COURT IMPROPERLY APPLIED THE LAW BY USING ERRONEOUS LEGAL STANDARDS.
 ASSIGNMENT OF ERROR III
 BY RELYING ON IMAGINED FINDINGS OF FACT, CONTRARY TO EVIDENTIARY TESTIMONY BY THE WITNESS QUOTED, THE COURT ABUSED DISCRETION, AND WHEN IT WAS BROUGHT TO THE COURT'S ATTENTION BY A MOTION TO RECONSIDER, OVERRULED THE MOTION TO RECONSIDER.
 ASSIGNMENT OF ERROR IV
 THE COURT IN A MOTION FOR SUMMARY JUDGMENT FOUND THE DEFENDANT APPELLANT NEGLIGENT AND IGNORED THE LAW IN THE ENTRY OF SEPTEMBER 26, 2000 WHICH WAS NOT A FINAL APPEALABLE ORDER. THE COURT REFUSED TO ALLOW A TRIAL ON THE MATTER OF THE DEFENDANT'S ALLEGED NEGLIGENCE DESPITE THERE WERE CONTROVERSIAL ISSUES, WHICH ISSUES WERE ALLOWED IN TESTIMONY AS PERTAINED TO THE COMPARATIVE NEGLIGENCE ACTION REMAINING. For purposes of clarity, we shall address appellant's assignments of error out of sequence.
 IV
Appellant, in his fourth assignment of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment on the issue of appellant's negligence.[3] As is stated above, the trial court, as memorialized in a Judgment Entry filed on September 26, 2000, found that there existed no genuine issue of material fact relating to appellant's violation of R.C. 4511.21(A), the assured clear distance statute, and that appellant was negligent as a matter of law.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresherv. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error.
R.C. 4511.21(A), the assured clear distance statute, states, in relevant part, as follows: "[N]o person shall drive any motor vehicle, . . . . in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." The elements necessary to constitute a violation of R.C.4511.21(A) are "that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." Pond v. Leslein (1995),72 Ohio St.3d 50, 52, quoting Blair v. Goff-Kirby Co. (1976),49 Ohio St.2d 5, 7. "Violation of the assured clear distance ahead statute constitutes negligence per se." Id. at 53.
Appellant, in the affidavit attached to his response to appellee's Motion for Summary Judgment, stated, in part, as follows:
 . . . [t]hat on or about the 8th day of May, 1999, at about ten after eleven p.m. he [appellant] started out from a residence on Rt. 8 about four or five miles south of North Industry, Ohio going north until he came to North Industry. Affiant [appellant] came upon and behind Mr. Ciesielczyk's [appellee's] automobile just as he came to North Industry and continued driving behind him for about a half a mile before the accident, which occurred [sic] on the same highway, route 8.
 Mr. Michael Ciesielcyk [sic] [appellee] was driving, according to the Stark County Sheriff's crash Report, a 1989 Thunderbird. Suddenly and without warning Mr. Ciesielczyk [appellee] made an abrupt stop. He did not make a turn. Both vehicles had been going 35 miles per hour, and Affiant Ogg had maintained a three to four car interval for a good half mile or more.
 Affiant say [sic] that there were tail lights on the back of the Ciezielcyk [sic] automobile and they were illuminated, but at no time did they brighten to indicate he was intending to stop or that he had applied his brakes. Also there were no turn signal lights operating either. So, the affiant was unable to bring his automobile to a halt in time to avoid running into the rear end of the Ciesielcyk [sic] automobile.
Based on the foregoing, we concur with the trial court that appellant violated R.C. 4511.21(A), the assured clear distance statute, as a matter of law. Appellant, as evidenced by his above statement that he drove behind appellee for approximately a half a mile before the accident, conceded that appellee was ahead of appellant in his path of travel and was moving in the same direction. Moreover, as evidenced by the language in appellant's affidavit, appellee clearly did not suddenly appear in appellant's lane of travel. Finally, that appellee's vehicle was discernible is demonstrated by appellant's statement in his affidavit that appellee's tail lights were illuminated.
Appellant cites to Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207
for the proposition that "[w]here inadequate notice is given by the vehicle or object ahead, then there is an exception to the assured clear distance ahead rule."[4] However, under Ohio law, inadequate notice is not a defense. The only defense to a violation of R.C. 4511.21(A) is that the assured clear distance ahead was suddenly cut down or lessened by the entrance into the driver's lane of travel of some obstruction that rendered the driver unable, in the exercise of ordinary care, to avoid colliding with such obstruction. Cox v. Polster (1963), 174 Ohio St. 224. Since appellant, in his affidavit, states that appellee's vehicle was in his lane of travel for approximately a half a mile before the accident, the sudden emergency defense is not applicable. In short, there is no evidence that appellee's vehicle suddenly appeared in appellant's lane of travel.
Accordingly, since there was no genuine issue of material fact as to whether appellant violated R.C. 4511.21(A) and was, therefore, negligentper se, we find that the trial court did not err in granting appellee's Motion for Summary Judgment on the issue of appellant's negligence.
Appellant's fourth assignment of error is, therefore, overruled.
 I, II
Appellant, in his first and second assignments of error, contends that the trial court, in its October 27, 2000, Judgment Entry, made and relied on clearly erroneous findings of fact that were not supported by the transcript and that the trial court "improperly applied the law by using erroneous inapplicable law to improperly obtained facts." In essence, appellant argues that the judgment in this case was against the manifest weight and sufficiency of the evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA 5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
At issue during the trial in this matter was whether appellee was comparatively negligent[5]. The trial court, in its October 27, 2000, Judgment Entry, found that appellee was not negligent and that appellant's negligence was the sole proximate cause of the accident. In so holding, the trial court specifically made the following findings: "The evidence shows that Ogg [appellant] was following Ciesielczyk [appellee] for some length of time (several miles according to Ogg) and that he had to slow down and stop behind Ciesielczyk several times before the collision took place. According to Ogg, he was able to see Ciesielczyk's brake lights and turn signals on these prior occasions."
As appellant correctly notes in his brief, there is no testimony in the transcript that appellant had to slow down and stop behind appellee several times before the accident or that appellant, during these prior occasions, was able to see appellee's brake lights and turn signals. Rather, during the trial in this matter, appellant testified that, prior to the accident, he had been traveling behind appellee for two or three miles and that, during such time, he had observed appellee's taillights. When asked whether he had seen appellee's brake lights, appellant responded as follows:
 "No, I did not, I did not see his brake lights or signal — Transcript at 58.
However, while such findings by the trial court were clearly erroneous, we find that appellant was not prejudiced by the same since there was competent and credible evidence in the record supporting the trial court's finding that appellee was not negligent. While appellant testified at trial that he never saw appellee's brake lights or turn signal, appellant, when questioned whether he had seen appellee's vehicle before he hit it, responded in the affirmative stating "Well, yeah `cause the tail lights was there, . . ." Transcript at 48. Furthermore, as noted by the trial court, nowhere in the crash witness statement signed by appellant does appellant indicate that he did not see appellee's brake lights or turn signal prior to the accident. Rather, appellant, in such statement, stated as follows: "I was northbound on Cleveland at about 35 mph. The guy in front of me stopped I hit my brakes but could not stop and I hit the vehicle in front of me." That appellant's vehicle slid into appellee's vehicle was corroborated by the testimony of David Dillon, an independent witness, who testified that he saw appellant's vehicle skid into the rear end of appellee's vehicle.
In contrast, appellee testified that his brake lights and left turn signal were working properly on the day of the accident and that he activated his turn signal at least one block prior to Carnwise. Appellant maintains that appellee was not a credible witness since appellee gave two inconsistent accounts of his turning on the left turn signal. Appellant points out that appellee, in the affidavit attached to his Motion for Summary Judgment, stated that he stopped his vehicle at the intersection of Cleveland Avenue and Carnwise, put on his turn signal, and attempted to turn left onto Carnwise. During the trial, appellee testified that he activated his turn signal at least a block before Carnwise. Assuming there is a contradiction between these two accounts, we note that the trial court, as trier of fact, was in the best position to assess appellee's credibility. See State v. Martin (1980),21 Ohio St.3d 91, 95.
Appellant further argues that the trial court abused its discretion in failing to find that appellee was comparatively negligent since appellee, after observing appellant's vehicle closing in, could have sped up to put more distance between the two vehicles. Appellant further contends that since appellee suddenly stopped, appellant had insufficient time, due to the rainy condition of the road, to avoid the collision and that, therefore, appellee was negligent. However, under 4511.21(A), the assured clear distance statute, a driver, such as appellant, has a duty to operate his vehicle at such a speed so as to stop within the assured clear distance ahead regardless of the fact that the driver in front of him may suddenly stop. See Cox, supra. and Coronet Ins. Co. v. Richards
(1991), 76 Ohio App.3d 578. In contrast, appellee clearly had no duty under Ohio law to speed up so that appellant would not hit him.
In short, we find there was sufficient competent and credible evidence from which the trial court could conclude that appellee was not negligent and that, therefore, appellant's negligence was the sole proximate cause of the accident.
Appellant's first and second assignments of error are, therefore, overruled.
 III
Appellant, in his third assignment of error, argues that the trial court abused its discretion in denying appellant's motion to reconsider. Appellant, on November 13, 2000, had filed a Motion for Reconsideration, arguing that the trial court, in its October 27, 2000, Judgment Entry, misrepresented appellant's testimony regarding whether appellant had seen appellee's brake lights and turn signals prior to the accident. However, the trial court, pursuant to a Judgment Entry filed the next day, overruled appellant's motion.
As is stated above, the trial court clearly misstated appellant's trial testimony. However, we find that the trial court's denial of appellant's Motion for Reconsideration was harmless. In short, as is set forth above, there was competent and credible evidence in the record supporting the trial court's determination that appellee was not negligent.
Appellant's third assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs to appellant.
EDWARDS, P.J., WISE, J. and BOGGINS, concur.
[1] While the complaint originally was filed in the Small Claims Division, the case was later transferred to the regular division of Canton Municipal Court.
[2] The parties had stipulated at trial that the damage to appellee's vehicle totaled $2,500.00.
[3] Since appellant also addresses the trial court's ruling on appellee's Motion for Summary Judgment in his other assignments of error, our analysis equally applies to appellant's other assignments.
[4] In Schade, a pedestrian was struck by an automobile as she was walking on the berm of a road. The court, in Schade, held that there was "no evidence that plaintiff was a discernible object in the front and within the directional line of defendant's travel for a time sufficient to allow defendant to avoid the accident with reasonable care." Id. at 210. The court held that the trial court, therefore, properly refused to charge the jury on "assured clear distance".
[5] As is noted above, the trial court, in its September 26, 2000, Judgment, had granted summary judgment to appellee on the issue ofappellant'snegligence.